## *Ex parte* HARLAN C. TURNER.

### Kansas City Court of Appeals, April 26, 1889.

Habeas Corpus : JUDGMENT ON FIRST WRIT, CONCLUSIVE ON SECOND. If a prisoner, remanded under the provisions of the *habeas corpus* act, obtain a second writ, and if it appear that the prisoner was remanded for an'offense adjudged not bailable, such order is conclusive on the court hearing the second writ, and the prisoner should be forthwith remanded without further proceedings.

### *Petition for Habeas Corpus.*

PRISONER REMANDED

*Jas. B. Gantt* and *Jno D. Parkinson*, for petitioner.

On proof evident and presumption great. *Ex parte Smith*, 5 S. W. Rep. 99 ; *Ex parte Bridewell*, 57 Miss. 39. On *res adjudicata*. No writ of error can lie nor appeal, hence, no *res adjudicata*. Hurd on Habeas Corpus, 571 and 572.

*Boxby & Smith*, for State.

In this case the defendant Turner would not be entitled to bail under the *Texas case* cited by Judge GANTT. Proof evident is not "proof conclusive," and the testimony in this cause is such as to convict Turner of murder in the first degree if it were passed upon by this court. The decision of Judge DeArmond is final. Hurd on Habeas Corpus, page 573, *et seq. ; Ex parte Jills*, 64 Mo. 205. Especially final under the statutes of this state cited in argument, sec. 2672.

ELLISON, J.—Harlan C. Turner was arrested and brought before a justice of the peace of Bates county for examination on a charge of having murdered one J. W. McVey. At the conclusion of the evidence on such examination, the magistrate committed him to jail without bail to await the action of the grand jury for Bates county.

Afterwards, he applied for and obtained, a writ of *habeas corpus* from the Honorable D. A. DeArmond, judge of the circuit court within and for Bates county. On a hearing before said judge, at chambers, bail was refused and the prisoner was remanded to be held and detained under the warrant of commitment issued by the magistrate.

Afterwards application was made to the presiding judge of this court at chambers for another writ of

*habeas corpus* which was issued and made returnable to this court in session. The return of the sheriff of Bates county discloses the foregoing facts.

Counsel for the state interpose the plea of *res adjudicata* on the ground that the return discloses this to be a second writ of *habeas corpus*, and that on the first writ, the prisoner was remanded for an offense adjudged not bailable.

The question is governed by the following section of the statute, 1879. "Sec. 2672. *Proceedings on second writ.*—If a prisoner, remanded under the provisions of this chapter, shall obtain a second writ of *habeas corpus*, it shall be the duty of the officer, or other person on whom the same shall be served, to return therewith the order remanding the prisoner, and if it appear that the prisoner was remanded for an offense adjudged not bailable, the prisoner shall be forthwith remanded, without further proceedings."

However, the question may be considered, in cases outside the purview of this statute, where the successive applications are made to superior courts, we are not at liberty, in a case falling within its terms, to depart from its plain expression.

We therefore hold the point to be well taken, and remand the prisoner to be held under and by the terms of the warrant issued by the committing magistrate. All concur.